United States v. Regnier 258062 May it please the court. My name is Ryan Wright. I represent Mr. David Regnier. Today I'd like to start with argument one and two regarding the specifically how the court defined assault and remove simple assault from the jury instructions regarding the element or regarding 18 USC 111A. That required an underlying simple assault or an assault or an attempt to commit another felony under the under the plain reading of the law. During the trial the government claimed that there was no evidence of a simple assault and urged the court to remove the requirement that the jury must find beyond a reasonable doubt that Mr. Regnier committed the underlying simple assault. In fact the government stated there was no simple assault in this case and there was no simple and there was an assault by a battery. No assault occurred no simple assault occurred so no simple assault instruction should be given is our position. And this was also the same position the government took in the email after the first day of the trial after the government presented four of its witnesses including JW the flagger in this matter where they stated that we have a proposed modification to the essential elements of the offense. The pattern talks about a simple assault but the evidence supports an assault via completed battery. Wasn't wasn't the amended instruction really conforming to the indictment not constructively amending it? I mean the indictment uh alleged a completed battery. The well the indictment really didn't state other than basically 111a which is basically and this was the government's theory the entire time that it could have been any of the any of the matters as far as assaulting resisting opposing impeding intimidating interfering with a federal employee. So the indictment really never end with a deadly weapon in this matter. And then it involved physical contact with physical contact and that's all it stated so it never really got to the underlying issue of basically hathaway and wolf name. I'm jumping a little ahead of myself but the interesting what I'm trying to get at is what the government now claims in their brief is that the evidence overwhelmingly shows a simple assault as defined as pattern jury instruction 2.09 occurred. Further there is nothing in the record that would support a rational jury finding otherwise. That's on page 27 of their brief. That was a polar opposite position that the government took during this entire trial leading up to the trial and even to the the constructive amendment during the trial. So what it appears is the government's basically arguing both ways. But he helped me understand how your client was charged with simple assault. Well I think that is more of what the law under wolf name and hathaway states. Not so much that he was charged with a simple assault. Whereas in in wolf name because every 111 conviction for resisting opposing impeding intimidating interfering must fall into one of the two categories and conviction for any of these acts at a minimum requires a simple assault. And accordingly as an element of any 111a convictions under hathaway and wolf name assault is a necessary element. Well an assault includes a completed battery right? Not in this context of the use of force and that would be more under johnson. And so if we look under johnson where it states that basically the statutory word of art should not be assumed when using a meaning that does not fit the statutory language. Johnson the aca case? No this is a johnson the united states. Okay what what was the uh say more about your johnson argument. So the johnson argument is basically there's a common law term of art is basically established common law meaning. We do not assume that the statutory word is used in the term of art which the meaning does not fit. Basically that ultimately the context determines the meaning and we do not force a term of art definition into the context that where the plainly do not fit and we produce nonsense. Let's put it in simple points under the government's theory of this case anyone who bumps into a federal employee could be convicted of a felony regardless of intent. So if your neighbor so happens to receive a five million dollar check from a mailman he's excited rushes off to the bank to cash his check but bumps a mailman who just gave him the mail who steps onto the neighbor's prize-winning flowers that individual that bumped the mailman could be potentially a felon. Now if the neighbor is upset about his flowers and walks out and swings at the mailman but misses that person would only be a simple assault. If that person gets into his car and bumps a mailman regardless of intent again that's assault with a deadly weapon that's what we have here. Under the government's theory of this matter the in the definition of it it produces nonsense and the nonsense is basically that in the Johnson court they talked about the element of the force. Now at common law even the slightest offensive touching in the context of the statutory language that could be considered I mean offensive touch just the slightest thing but the non-violent battery offensive touching did not meet the threshold of the violent force and that's really what we're talking about in this matter. And when we go back to Hathaway it's very clear that assault is basically an attempt or a threat to injure which is an essential element of every one 111a violation under the version of the statute. But here there's no special jury instruction was given. So as far as we know the jury could have convicted for offensive touching that impeded or offensive touching that interfered. Why wouldn't it have been more confusing to instruct the jury with the simple assault language when the indictment alleged a completed battery? Because I think at the at the crux of Wolfname and Hathaway and when we really just look at plain language of 111 you have to have an assault. There has to be at a minimum and which is exactly the pattern jury instruction for this exact statute for 70 plus years in this jurisdiction. You have to have at a minimum a simple assault and then when we look at it the text starts with forcibly assaults. So we're looking at 111 and it basically states right from the first three words or the first two words under number one forcibly assaults. Then goes on to resist, oppose, impedes, intimidates or interferes. But then you drop down we'll skip number two past employees and talked about where this section in violation when where these acts in violation of this section constitute only a simple assault and it talks about the misdemeanor definition. But then it again or the intent to commit another felony. When we really look at this through the context you only have the conclusion where you can come to with basically is there has to be a minimum of simple assault. I understand the district court's logic and saying oh well maybe this is confusing in this fact pattern. But the reason why it's confusing is this statute doesn't fit these this fact pattern. It's charged incorrectly and it was indicted incorrectly most likely. And that's where the confusion comes later on where we're trying to basically force a non violent common law definition into a felony application. I mean ultimately when we're thinking about constructive amendment right we're thinking about whether you were the jury was instructed on something different from what you were charged with. That you were convicted of a different crime. Something that you had no notice of right. And here I'm not I'm struggling with how the revised jury instruction modified the elements in a way that amended the indictment. I mean it seems that it conformed. I mean I keep asking the same question over and over. You can tell this is where I'm stuck. I believe if you look under the pattern jury instruction and if you look under just 111 and you look at Hathaway and you look at Wolfgang and it's very clear that all of these require and they keep talking they keep hitting back to us at a minimum simple assault at a minimum simple assault. And then why is that? And I think the reason why is you never want to have somebody convicted if you can't show they actually intended to cause harm or do something. And perhaps maybe you know if we think about this and in theoretical terms perhaps maybe the simple assault merges eventually with the assault later on. Because once you actually complete the act then it goes on to the next you cause damage or you do something else so they injure the person or interfere with that person. And so I think there's a there's a threshold that needs to be reached that the government knew could not be reached in this case. And in doing so that's when they decided well in fact that's when they admitted. There is no evidence to support a simple assault in this matter. We can't prove that he actually intended to do this. All we can show is he was potentially having blood pressure medication problems and needed to go to the bathroom really bad and he was trying to make a left-hand turn and he made contact. The indictment says knowingly. How do we think about that? The knowingly part I think and that's I guess the interesting part he was knowingly driving a vehicle perhaps. But the knowingly I don't think really came into any of the the context of the appeal or any of the objections during the entire matter. And so I think we still kind of get back to the the the issue of did this common did this common law definition really fit the application? Or are we basically just was this completely mangled? Because Mr. Regnier had no idea that this this was all going to be basically based on a offensive touch. This was always and if you look at 111 if you look at all this it was always always always an assault of some sort. Maybe a simple assault or some other type of assault. But there had to be an intentional factor there and intent was never there. In fact Mr. Regnier testified in this matter and talked about how he didn't intend any of this. He was just trying to go to the bathroom. When we get to the the other issues in this matter as far as the application here and I think it's intertwined to some extent. We believe also the district court erred in the sentencing guideline to a 2.2 whereas that talked about the the dangerous weapon with intent to cause injury. The district court simply put failed to make any findings of fact that Mr. Regnier intended to cause any bodily injury in this matter. And this was likely because the government claimed during the trial that there was no evidence to support even a simple assault. And without such a finding in the application of 2.22 is a reversible error. And didn't the district court make findings that your client intended to cause bodily injury when he drove the jeep into GW? I believe the finding was that he was driving and then that was it. But there was no specific findings that he was trying to actually he intended to cause bodily injury that he was moving. And so we and when we talk about that under USPD if the dangerous weapon was in fact the whole idea is in contrast that 2.2 should be utilized if the dangerous weapon was in fact be used to intent to cause bodily harm. And to determine whether 2.2 or 2.4 applies the sentencing court must examine the defendant's underlying conduct which did not happen here. I reserve the remainder of my time. You may. Thank you. Good morning. May it please the court. My name is Cameron Cook and I represent the government in this case. I'm here to answer any questions and explain why the district court got this case right. The first issue I want to address is just clear up the confusion about simple assault. Hathaway and Wolfnay make clear that section 111 actually has three offenses within it. And an assault is required but not necessarily a simple assault. If only a simple assault occurs it is a misdemeanor under the statute 111a. If an assault occurs involving physical contact or intent to commit another felony it is an eight-year felony. And if a dangerous weapon is used or bodily injury occurs then it is a 20-year felony. Hathaway makes clear that those other forms of assault are not simple assaults for the purposes of section 111. And that's separate from the fact that we have lots of case law saying that in fact a battery is sufficient to prove a simple assault. So here the indictment I think as Judge Rossman pointed out the indictment alleged a forcible assault with a dangerous weapon involving physical contact. That was in the indictment. There was no mention of simple assault. And the jury instruction was modified to match a battery based on the language from Lynch which said that an assault includes an unwanted and offensive touching to a person of ordinary sensibilities. And also that the touching was voluntary and deliberate. The Lynch case is published and it was addressing a different statute 49 USC section 46504. But that statute prohibits assaulting or interfering with flight staff in such a way that would interfere with the airline operations. So it's a similar statute and I do think that really controls issue here and it's the best case for why the district court was correct in its jury instructions. I also point the court to Lehigh and Reed. Those are both unpublished decisions by the 10th circuit but they made clear that an assault the generic term includes a battery. Do you think that we need to modify our pattern? Yes, your honor. I frankly do. I do think it did cause some confusion with that simple assault language. I think a generic assault could be better and I'm not saying the jury instructions here were perfect but I don't think they misled the jury. They accurately informed them what assault means under common law and under precedent. I want to address the defense gave kind of an anybody who bumps into somebody else would commit a battery or an assault. That's not true. The jury instructions require that the offensive touching be voluntary and deliberate and also that the touching was offensive to person of ordinary sensibilities and unwanted. So that is not going to criminalize conduct that isn't deliberate and prohibited by the statute. I'd also know that the statute required that the crime rather the jury instructions overall required that the crime be done intentionally. So not by a mistake or accident. That also prohibits this being used to penalize overbroad conduct. So the the timing of the the change to the jury instruction wouldn't that have in terms of this adding in this person of ordinary sensibility language. I mean I think the the appellant is making an argument that he didn't have an opportunity then to really interrogate the witnesses about that to determine whether J.W. was a person of ordinary sensibility that given the timing of the change. I mean how should we be thinking about that argument? Yeah well I think that the court always has the ability to revise the instructions as it comes about. So again not you know I admit there's not a deal in terms of timing but we still had half over half of the trial to go at that point and so they had witnesses who were there. And then the other thing I'd say though and why I don't think there's really any prejudice to the defendant here in this case is because the defense's entire theory was that the defendant's actions were intentional. It wasn't that this wasn't an offensive shocking incident. It was that the defendant didn't know that J.W. was in front of him. So the defendant testified that he moved forward and was unaware that J.W. the victim was still in front of the vehicle. And then he also testified that when he saw he was there he pumped on the brakes gasped tried to stop and then drove off and then later said he felt horrible about this. He was in state of shock. So the defense really wasn't contesting that this was an offensive touching. It was that he didn't know that he was there. And there was also an argument during closing argument by defense counsel were saying that defense alleged that J.W. jumped in front of the car. So it wasn't the defendant's fault. J.W. put himself there and this was unintentional by the defendant. So the is taken about coming partway into trial but I don't think it really had any impact on the case here. I want to address the Johnson case which has been brought up by the Supreme Court. And in that case the U.S. Supreme Court decided that the Florida felony statute for battery didn't was not a violent felony under the Armed Career Criminal Act. But the big issue there was that Florida statute did not require force. Section 111 does require force. That was in the jury instructions in the indictment that this needs to be a forcible assault. So the reliance on Johnson I think is just inapplicable in this context. Have we ever explicitly held that a section 111 offense is a general intent crime? Hill, your honor, this 10th circuit that did hold it. And then Feolia as well as the U.S. Supreme Court case. I cite both of those in the brief. Those defendants to do is intend the act specified they're in not any purpose or specific intent. And then section 111b the 10th circuit has not explicitly addressed whether that is specific or general intent. But other circuits including the D.C. circuit, 6th circuit, and 11th circuit have held that and I cite those cases as well. Edinger and a couple others have declared section 111b is a general intent statute. The defense also makes an argument here today about the defendant could have been convicted for the multiple different verbs in section 111, the resisting, opposing, impeding, not just assault. But I'd point out to the court that the jury instructions explicitly stated in the elements of the elements instruction that each act required an underlying assault. So I don't think that's an issue. And finally, the constructive amendment portion again the indictment alleged an assault. That's what the jury instruction said. There was no changing the elements in a way that was unfair to the defendant. At no point did we ever allege a simple assault in this case in the indictment. Turning briefly to the sentencing issue, the defendant alleged the district court did not make a finding that there is an aggravated assault. In fact, the district court did and he did apply that subsection 282.2 to find an aggravated assault occurred. And when the district court was discussing that finding and that issue, the district court explicitly said, and I'm quoting in the supplemental appendix volume two at 305-06, that the defendant, quote, made a conscious and intentional decision to move forward with his vehicle from a stop position into JW. And the inference is fair that there was at least to some degree an intent to cause harm, unquote. And so the district court did discuss this. He did find that there was intent to cause harm based on the evidence. That finding that there was an aggravated assault under the guidelines was not clearly erroneous. Unless the court has any other questions, I would just ask the court to affirm the verdict. It appears that there are no more questions. So thank you. Thank you. Briefly address just a couple of things. First, the timing of the amendment. It is important to note that this was not amended. The jury instructions were not amended and this was not brought up by the government until after JW had testified. And so there was a whole line of cross-examination that could not be actually gone into because of the timing of the constructive amendment. Second of all, we talked a little bit, I heard a little bit about general intent. I think it's kind of important to know there's not a lot of cases like this out there. In fact, there's nothing that we can find on point where there's a 111 case that you have an individual that there's no intent specifically, other than there's no assault, so to speak. And there's no bodily injury with a deadly weapon where you have an individual who's most of the time in these kind of cases, they're pulling a weapon, they're running from cops, they're being arrested, or in Wolf's name, they're trying to run from an arrest. And so it's really unique when you get to a situation where you have no bodily injury, no underlying simple assault, no really show of force other than the person is driving a vehicle and they get charged with a 111 under a non-violent common battery definition of offensive touching. And when you get to that kind of things, you really get to more of a specific intent, we believe under concho or under the line of theories of where you actually have to show that this person actually did something because you'd never want somebody to end up in prison for a felony when you couldn't even show an intent. And I think that's the problem with this whole matter and also the constructive amendment and the application of the aggravated assault where you're not having to find the facts. And the reason why is because there's no underlying intent and there was nothing other than a passive offensive touch and the definition that just does not fit the statute. And with that, I would ask to remand and reverse. Thank you. Thank you. Thank you, counsel, for your arguments today. Very helpful. You are excused and the case is submitted.